HELEN J. QUINN, Respondent, v. WILLIAM R. QUINN, Appellant.— Judgment unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ.

FREDERICK W. SCHWERDTFEGER, Respondent, v. ELIZABETH SCHWERDTFEGER, Appellant, and Others, Defendants.— Judgment reversed on the law and the facts and a new trial granted, costs to appellant to abide the event. In our opinion the findings are against the weight of the evidence. Findings of fact numbered 6, 7, 8, 9 and 10 are reversed. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

WISE SHOE CO., INC., Respondent, v. SAMEUL S. LOWENTHAL, Individually and as Manager of Retail Shoe Salesmen's Union, Local 287, Affiliated with the American Federation of Labor, Central Trades Labor Council, Appellant, and Others, Defendants.— Judgment modified by limiting the scope of the injunction to the plaintiff's store at No. 1597 Pitkin avenue and by striking therefrom the provisions " from in any manner interfering with the conduct of the business of any store operated by the plaintiff " and " from persuading or inducing any employee of the plaintiff to leave the employ of the plaintiff; and in any other manner or by any other means interfering with the business and employees of the plaintiff," and as so modified unanimously affirmed, without costs. Findings and conclusions inconsistent herewith are modified accordingly. We are of opinion that on the record the plaintiff is entitled to the injunction as modified and limited. (Exchange Bakery & Restaurant, Inc., v. Rifkin, 245 N. Y. 260.) The extension of the injunction to other stores operated by the plaintiff is too broad, as other stores were not here involved and there were no threats by the defendants to extend their activities to any other stores operated by the plaintiff. The nature of the relief sought in Nann v. Raimist (255 N. Y. 307) was entirely different and of necessity extended to all the stores which had entered into contractual relations with the plaintiff. (See, also, Stillwell Theatre, Inc., v. Kaplan, 259 N. Y. 405, and J. H. & S. Theatres v. Fay, 260 id. 315.) Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ. Settle order on notice.

STEPHEN S. WISSER, Appellant, v. RICHARD SULLIVAN, Respondent.— Judgment reversed on the law and the facts and a new trial granted, costs to appellant to abide the event. In our opinion, the trial judge erred in his charge to the jury construing, at folios 324, 325, the ordinance requiring vehicles to keep to the right and as near the right-hand curb as possible, and on the question of contributory negligence, at folios 326, 327 and 332. Although no exception was taken to these parts of the charge, the errors were so serious and prejudicial that in the interest of justice there should be a new trial. Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ., concur.

MAE BERRYMAN, Respondent, v. B. GUTTER & SON, INC., Appellant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Kapper, Carswell, Tompkins and Davis, JJ.